# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ ____________ Original Plan

☒ FIRST Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ ____________ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Jorge Bacallao JOINT DEBTOR: ____________ CASE NO.: 26-15626-RAM

SS#: xxx-xx- 6772 SS#: xxx-xx-______

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans must be served on all creditors as required by Local Rule 2002-1(b) and a certificate of service must be filed as required by Local Rule 9036-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☒ Included | ☐ Not included |
| Nonstandard provisions, set out in Section IX | ☒ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $300.00 for months 1 to 36 ;

B. **DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

Total Fees: $6,000.00 Total Paid: $5,200.00 Balance Due: $800.00

Payable $270.00 /month (Months 1 to 2 )

Payable $260.00 /month (Months 3 to 3 )

Allowed fees under Local Rule 2016-1 are itemized below:
Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs + $800 Motion to Avoid Lien = $6,000.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS ☐ NONE

A. **SECURED CLAIMS:** ☒ NONE

B. **VALUATION OF COLLATERAL:** ☒ NONE

C. **LIEN AVOIDANCE** ☐ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served on you under Fed. R. Bankr. P. 4003(d)(1) and 7004, as required by Local Rule 4003-2.

| | |
|---|---|
| 1. Creditor: Portfolio Recovery Associates, LLC | Collateral: Checking: Bank Name: JP Morgan Chase<br>Last four digits of Account Number: 2325 |
| Address: 140 Corporate Blvd Suite 100<br>Norfolk, VA 23502 | Exemption: 11 U.S.C. § 522(b)(3)(B); Fla. Stat. § 655.79(1) |

Last 4 Digits of Account No.: SP25

D. **SURRENDER OF COLLATERAL:** ■ NONE

E. **DIRECT PAYMENTS** □ NONE

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights. Secured claims filed by any creditor granted stay relief in this section will not receive a distribution from the chapter 13 trustee. The requirement of Fed. R. P. 3002.1 will cease to apply to any claim listed in this section upon confirmation of this plan.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Credit Acceptance | 1802 | 2019 Ford Transit Connect VIN: NM0LS7E21K1424890 |
| 2. | Ally Financial, Inc | 1022 | 2023 Dodge Ram 1500 VIN: 3B7HC13Z8XM505298 |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS** □ NONE

A. Pay $0.00 /month (Months 1 to 2 )

Pay $10.00 /month (Months 3 to 3 )

Pay $270.00 /month (Months 4 to 36 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. □ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED: ■ NONE

VI. **STUDENT LOAN PROGRAM** ■ NONE

VII. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** □ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section will not receive a distribution from the chapter 13 trustee.

■ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1. | Denis Lam | Residential lease for 5646 W 25th Ct, Hialeah FL 33016 | 6772 | ■ Assume □ Reject |

VIII. **INCOME TAX RETURNS AND REFUNDS:**

■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

IX. **NON-STANDARD PLAN PROVISIONS** □ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

□ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| | | | | |
|---|---|---|---|---|
| Jorge Bacallao | Debtor | Date | Joint Debtor | Date |

/s/ Jose A. Blanco, Esq. — Date

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.